1  AARON H. COLE, CA Bar No. 236655
   aaron.cole@ogletree.com
2  SONA P. PATEL, CA Bar No. 334044
   sona.patel@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
5  Telephone: 213-239-9800
   Facsimile: 213-239-9045
6
7  Attorneys for Defendants
   SEA WORLD LLC and SEAWORLD
   PARKS & ENTERTAINMENT, INC.
8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN JOSEPH, an individual, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEA WORLD LLC, a Limited Liability Company; SEAWORLD PARKS & ENTERTAINMENT, INC., a Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. '24CV1937 MMA KSC<br><br>**DEFENDANTS SEA WORLD LLC AND SEAWORLD PARKS & ENTERTAINMENT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Notice of Party with Financial Interest; Notice of Related Cases; Declarations of Jeffrey Schwartz and Christopher Hagerman in Support of Removal]<br><br>Complaint Filed: September 16, 2024<br>Trial Date: None |

1

DEFENDANTS SEA WORLD LLC AND SEAWORLD PARKS & ENTERTAINMENT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

64791165.v1-OGLETREE

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF STEVEN JOSEPH AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendants Sea World LLC and SeaWorld Parks & Entertainment, Inc. (collectively "Defendants"), by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1332(d), 1441, 1446, and 1453. Defendants allege the following grounds for removal:

## I.  PROCEDURAL BACKGROUND

1. On September 16, 2024, Plaintiff filed a Complaint initiating this proceeding against Defendants in the Superior Court of the State of California for the County of San Diego, entitled *Steven Joseph v. Sea World LLC, et al.*

2. Defendants received service of the Complaint on September 18, 2024. A copy of the Summons and Complaint, and all other documents served on Defendants are attached hereto as Exhibit "A."

3. Plaintiff's Complaint alleges nine causes of action, including (1) Unfair Competition in Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) Failure to Pay Minimum Wages in Violation of Cal. Lab. Code §§ 1194, 1997, and 1197.1; (3) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code § 510; (4) Failure to Provide Required Meal Periods in Violation of Ca. Lab. Code §§ 226.7 and 512 and the Applicable IWC Wage Order; (5) Failure to Provide Required Rest Periods in Violation of Cal. Lab. Code §§ 226.7 and 512 and the Applicable IWC Wage Order; (6) Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Lab. Code § 226; (7) Failure to Reimburse Employees for Required Expenses in Violation of Cal. Lab. Code § 2802; (8) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202, and 203; and (9) Failure to Pay Sick Pay Wages in

Violation of Cal. Lab. Code §§ 201-203, 233, and 246.

## II.   CLASS ACTION FAIRNESS ACT JURISDICTION

4.   **Basis of Original Jurisdiction.** The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

5.   **Number of Putative Class Members.** Plaintiff purports to bring this action on behalf of "all individuals who are or previously were employed by Defendants in California, including any employees staffed with Defendants by a third party, and classified as non-exempt employees." (Complaint ("Compl.") ¶ 28). In turn, Plaintiff defines the California Labor Sub-Class (which includes cause of action Eight involving waiting time penalties) as "all individuals who are or previously were employed by Defendants in California, including any employees staffed with Defendants by a third party, and classified as non-exempt employees at any time during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court . . . pursuant to Cal. Code of Civ. Proc. § 382." (Compl. ¶ 38).  Plaintiff has not alleged the size of the putative class or California Labor Sub-Class, but assuming for purposes of this notice that the putative members of the California Labor Sub-Class is comprised solely of non-exempt employees at SeaWorld San Diego whose employment was terminated at any time from September 16, 2021 to September 25, 2024, the California Labor Sub-Class includes at least 9,193 persons. (Declaration of Christopher Hagerman ("Hagerman Decl.") ¶ 4).

6.   **Diversity of the Parties.** The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizenship of at least one defendant.  *Id.* at (d)(2)(A). Plaintiff and putative class members are citizens of the State of California.  Sea World LLC is a limited liability company formed under the laws of the State of

Delaware. Sea World LLC is a wholly owned subsidiary of SeaWorld Parks & Entertainment, Inc. SeaWorld Parks & Entertainment, Inc. has its principal place of business, and the location from which the highest level of officers direct, control, and coordinate, the company's activities, in Orlando, Florida. (Declaration of Jeffrey Schwartz, ¶ 4). In turn, Defendant SeaWorld Parks & Entertainment, Inc. is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). Defendant Sea World LLC is a citizen of Delaware and Florida. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

7. **Amount in Controversy.** Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

8. **Eighth Cause of Action – Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202, and 203 (Waiting Time Penalties).** Plaintiff alleges "as a pattern and practice, Defendant regularly failed to pay Plaintiff and other members of the California Class their correct wages and accordingly owe waiting time penalties pursuant to Ca. Lab. Code Section 203." (Compl. ¶ 21). The Complaint further alleges that "the employment of Plaintiff and many California Labor Sub-Class Members has terminated and Defendant has not tendered payment of all wages owed as required by law." (Compl. ¶ 111). Ultimately, Plaintiff alleges following: "[A]s provided by Cal. Lab. Code § 203, on behalf of himself and the members of the California Labor Sub-Class whose employment has terminated and who have not been fully paid their wages due to them, Plaintiff demands thirty days of pay as penalty for not paying all wages due at the time of termination . . ." (Compl. ¶ 112).

9. The statute of limitations for waiting time penalties under Labor Code § 203 is three years. *Code of Civil Procedure* § 338(a).

10. Based on a review of Defendants' business records, the employment of at least 9,193 non-exempt putative class members was terminated from SeaWorld California from September 16, 2021 to September 25, 2024 (Hagerman Decl., ¶ 4). The non-exempt putative class members at SeaWorld San Diego worked an average of 6.63 hours per day and earned an average hourly wage of $17.50 from September 16, 2024 to September 25, 2024. *Id.*

11. Thus, according to Plaintiff's unqualified allegations that "the employment of Plaintiff and many California Labor Sub-Class Members has terminated and Defendant has not tendered payment of all wages owed as required by law", these non-exempt class members allege they are entitled to recover at least $31,998,534.75 in waiting time penalties: $17.50 (average hourly rate from September 16, 2021 to September 25, 2024) x 6.63 (average hours worked per day) x 30 (maximum days of penalty pay) x 9,193 (number of non-exempt putative class members at SeaWorld San Diego terminated from September 16, 2021 to September 25, 2024).

12. As detailed above, the amount placed in controversy by Plaintiff's claims far exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d), even without including potential attorneys' fees, amounts from Plaintiff's other claims, and the total number of potential class members. Accordingly, removal of this action under CAFA is proper under Section 1332(d).

### III. COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

13. **Timeliness of Removal.** This Notice of Removal is timely. 28 U.S.C. § 1446(b) provides two 30-day windows for removing a case. Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

14. **Venue.** As required by 28 U.S.C. § 1446, this Notice of Removal is

filed in the district court of the State in which the action is pending. The state court action was pending in San Diego County Superior Court, which is located within the boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).

15. **Copies of Process, Pleadings and Orders.** As required by 28 U.S.C. § 1446, Defendants hereby provide this Court with copies of all process, pleadings, and orders received and/or filed by Defendants in this action (attached as Exhibit "A"). Defendants have not received or served any pleading, process, or order besides those attached.

16. **Notice to Plaintiff and State Court.** As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of filing to Plaintiff, and file a copy of the Notice with the clerk of the San Diego County Superior Court.

17. **Corporate Disclosure Statement.** As required by Rule 7.1, Defendants concurrently filed their Corporate Disclosure Statement.

18. **Notice of Party with Financial Interest.** As required by Local Rule 40.2, Defendants concurrently filed their Notice of Party with Financial Interest.

19. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that Defendants may have an opportunity to address any such question.

20. Accordingly, Defendants remove the above-entitled action to this Court.

DATED: October 18, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Aaron H. Cole
   Aaron H. Cole
   Sona P. Patel

Attorneys for Defendants
SEA WORLD LLC and SEAWORLD PARKS & ENTERTAINMENT, INC.