BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
Jeffrey S. Herman (SBN 280058)
Sergio J. Puche (SBN 289437)
Trevor G. Moran (SBN 330394)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEA WORLD LLC, a Limited Liability Company; SEA WORLD PARKS & ENTERTAINMENT, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **3:24-cv-01937-AJB-SBC**<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**<br><br>Date: March 17, 2025<br>Time: 3:00 p.m.<br>Judge: Hon. Anthony J. Battaglia<br>Location: Courtroom 4A, 4th Floor<br><br>Edward J. Schwartz<br>United States Courthouse<br>221 West Broadway<br>San Diego, CA 92101<br><br>Action Filed: September 16, 2024 |

I.  **INTRODUCTION**

Defendant's Opposition to Plaintiff's Motion to Remand (Dkt. 15 – Defendant's "Opposition") still fails to put forth the summary-judgment-type evidence needed to support an amount in controversy of over $5 million. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); See also *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) [A defendant "must support [its] jurisdictional allegations with **competent proof, under the same evidentiary standard that governs in the summary judgment context**."].[1]

Defendant's Opposition still suffers from committing the well-recognized error of assuming unsupported violation rates despite the presence of Plaintiff's carefully crafted allegations that do nothing to support such assumptions. In so doing, Defendant violates the law that removal jurisdiction cannot be established by "**mere speculation and conjecture, with unreasonable assumptions**." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Importantly, Defendant's blanket overgeneralized statement that Defendant has "made reasonable assumptions" (Dkt. 15 at 17:12-13) **does not meet Defendant's burden of proof**. This is especially true given that, once jurisdiction was challenged via Plaintiff's Motion to Remand (Dkt. 13), **Defendant failed to submit a supplemental declaration or *any* evidence, whatsoever, to establish the propriety of federal jurisdiction**. See *Ibarra, supra*, 775 F.3D at 1197-98.

Specifically, Defendant's Opposition offers no support – **and no new evidence or supplemental declaration** – for Defendant's assumption that **every single one of the 9,193 class members** are owed the **maximum** amount of waiting time penalties. See generally, Dkt. 1 [NOR]; *Guiniling v. Escondido Med. Invs. Ltd. P'ship Life Care Ctr. of Escondido,* (2023) U.S. Disc. LEXIS 24389 (S.D. Cal. Feb. 13, 2023) "The Defendant's declarations support half of their calculations. The declarations evidence the number of employees and possible work weeks but **do not offer any additional**

---

[1] Emphasis added throughout unless otherwise indicated.

**evidence to support the violation rates**. The Court cannot decipher the reasonableness of a violation rate that brings the damages above the jurisdictional threshold." *Guinling, supra.* 2023 U.S. Dist. LEXIS 24389 at *6-7; and *Harris v. KM Indus., Inc.*, 2020 U.S. App. LEXIS 35723 at *17 (9th Cir. Nov 13, 2020) [defendant had "ample opportunity to place evidence on the record following the motion to remand," but failed to meet its burden of proof.].[2]

Instead, Defendant attempts to manufacture a basis to deny Plaintiff's Motion based on a nonexistent shift of the burden of proof, which is unavailing. See Dkt. 15 at 6:7-11; *Vilitchai v. Ametek Programmable Power, Inc.*, 2017 U.S. Dist. LEXIS 31623 (S.D. Cal. March 6, 2017) [Citing *Ibarra, supra,* 775 F.3d at 1197.] Under no uncertain terms, **the burden is on Defendant to establish the amount in controversy by a preponderance of the evidence**. Defendant, however, offers no justification for its assumption that every single employee is owed 30 days of waiting time penalties. Without evidence supporting the assumptions that underlie the calculations, Defendant will fail to meet its burden.

Defendant's Opposition further attempts to persuade the Court that "even with an unprecedentedly low violation rate of just 16%, the total waiting time penalties still surpass the jurisdictional threshold of $5 million – without consideration of the other claims alleged by Plaintiff." Dkt. 15 at 12:18-13:1. First, as Defendant fails to put forth any supportive evidence to support Plaintiff's additional claims, let alone any type of damages assessment, Defendant fails to meet its burden as to any of Plaintiff's additional claims. *Guiniling, supra*, No. 22-cv-1208-L-KSC, 2023 U.S. Dist. LEXIS 24389, at *6 (S.D. Cal. Feb. 13, 2023). Second, Defendant's proffer of

---

[2] See also *Guiniling v. Escondido Med. Inv'rs Ltd. P'ship Life Care Ctr. Of Escondido*, 2023 U.S. Dist. LEXIS 24389 (S.D. Cal. **Feb. 13, 2023**); *Evers v. La-Z-Boy Inc.*, 2022 U.S. Dist. LEXIS 133860 (S.D. Cal. **July 22, 2022**); *Weaver v. Amentum Servs.*, 2022 U.S. Dist. LEXIS 59200 (**S.D. Cal. March 30, 2022**); *Tag v. i360, LLC*, 2022 U.S. Dist. LEXIS 48116 (**S.D. Cal. March 17, 2022**); *Meola v. Compass Group USA, Inc.*, U.S. Dist. LEXIS 232312 (S.D. Cal. Feb. 2, 2021); *Walker v. Apple, Inc.,* 2015 U.S. Dist. LEXIS 187388 (S.D. Cal. Sept. 17, 2015); *Valdez v. Fairway Indep. Mortg. Corp.*, 2019 U.S.Dist. LEXIS 126013 (S.D. Cal. July 22, 2019); *Cummings v. G6 Hosp., LLC,* 2019 U.S.Dist. LEXIS 56719 (S.D. Cal. April 2, 2019); *Collins v. ServiceLink Field Servs., LLC*, 2019 U.S. Dist. LEXIS 60882 (S.D. Cal. April 2, 2019).

a 16% violation rate is irrelevant to whether Defendant meets its burden, as the allegedly "unprecedently low violation rate" is **not supported by any additional evidence**, and therefore offers no information from which the Court may conclude that Defendant's assumptions were not "pulled from thin air". *Weaver v. Amentum Servs.*, 2022 U.S. Dist. LEXIS 59200 at *7-8 (S.D. Cal. March 30, 2022). "Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." See *Benitez v. Hyatt Corp.*, No. 23-CV-1696 JLS (AHG), 2024 U.S. Dist. LEXIS 62505 at *15 (S.D. Cal. **Mar. 21, 2024**), citing *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022). Despite having all pertinent information in their possession regarding the alleged failure to timely pay wages, Defendant provides no evidentiary support for the alleged violation rates.

For these reasons, as well as those addressed herein and those identified in Plaintiff's moving papers, Plaintiff's Motion to Remand should be granted.

## II.   ARGUMENT

### A.   Defendant Still Fails to Meet its Burden of Proof, as Defendant's Analysis is Based on Unsupported and Unreasonable Assumptions

To meet Defendant's burden, **"[D]efendant must ground its calculation of the amount in controversy in "real evidence' and 'reasonable assumptions,' not 'mere speculation and conjecture.'** *Ibarra*, 775 F.3d at 1197, 1199." *Zamarripa v. Superior Talent Res., Inc.*, 2019 U.S. Dist. LEXIS 121931 at *5 (C.D. Cal. July 19, 2019). Defendant has not – and cannot – point to any "real evidence" that was the basis for its purported assumptions because it is clear that no "real evidence" was utilized by Defendant. Were that not the case, Defendant would have provided a declaration along with competent evidence in response to Plaintiff's Motion to Remand. **But the Defendant did not.** In fact, Defendant failed to provide any additional evidence, whatsoever, instead relying solely on the insufficient declaration

of Christopher Hagerman originally submitted in support of Defendant's NOR – **no supplemental declaration was proffered**.

Therefore, despite how "reasonable" or "conservative" Defendant contends its assumptions are, the **absence of competent evidence weighs in favor of remand**. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Thus, because Defendant failed to produce reliable evidence, remand can be granted on that basis alone. *Id.* Indeed, Defendant's Opposition admits that its declarant, Christopher Hagerman personally reviewed Defendant's business records, "**including employment dates, time and pay records for Defendant's non-exempt employees in California and derived the figures from those records for use in calculating the amount in controversy**." (Dkt. 15 at 14:16-18.) Despite this admission, Defendant's NOR and Opposition are **silent** as to violation rates or any actual figures from the "time and pay records" to support Defendant's alleged violation rates. As such, Defendant solely relies on an insufficient declaration that simply evidences the number of former non-exempt employees since September 16, 2021, the average hours worked and the average hourly wage, without any further information, whatsoever. *See Guiniling, supra*, No. 22-cv-1208-L-KSC, 2023 U.S. Dist. LEXIS 24389, at *6 (S.D. Cal. Feb. 13, 2023). This does not meet Defendant's burden of proof.

As thoroughly articulated in Plaintiff's Motion, Defendant provided no basis for its assumptions that **every single one of the 9,193 class members** are owed the **maximum** amount of waiting time penalties, or that any particular violation rate may have occurred. *See generally*, Dkt. 1 [NOR]. Defendant's Opposition does **absolutely nothing** – no additional evidence or declaration – to supplement the baselessness for Defendant's assumptions. Indeed, this Court has consistently rejected **assumptions as arbitrary**, despite any level of objective reasonableness, where the defendant has not offered sufficient supporting evidence. See *Guiniling, supra,* 2023 U.S. Dist. LEXIS 24389 at *6. Namely, assuming a violation rate that is not grounded in real

evidence ***is*** arbitrary. *Weaver v. Amentum Servs.*, 2022 U.S. Dist. LEXIS 59200 (S.D. Cal. March 30, 2022).  Instead, Defendant improperly attempts to shift the burden of proof to Plaintiff to provide alternative calculations. (Dkt. 15 at 6:7-10).

In other words, despite having all pertinent information in their possession, nothing proffered by Defendant supports their assumption that e**very single one of the former employee class members** worked eight hours for 30 consecutive days and are owed the maximum waiting time penalties, which is the same unreasonable assumptions that were rejected by the Court in *Melead v. TVI, Inc.,* 2020 U.S. Dist. LEXIS 164502 at *7-9 (C.D. Cal. Sept. 9, 2020).

When a defendant fails to offer any evidence to support its violation rates, the Court cannot decipher the reasonableness that brings the damages above the jurisdictional threshold. *Guiniling, supra*, 2023 U.S. Dist. LEXIS 24389, at *6. "Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." See *Benitez v. Hyatt Corp.,* No. 23-CV-1696 JLS (AHG), 2024 U.S. Dist. LEXIS 62505 at *15 (S.D. Cal. **Mar. 21, 2024**), citing *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022). Here, as Defendant's Opposition fails to provide any additional evidence as to even an estimate of the violation rates, Defendant's assumption of the amount in controversy is unreasonable on its face. Therefore, as this Court decided in *Benitez*, Plaintiff's waiting time claim should be assigned a $0 valuation for purposes of meeting the $5,000,000 CAFA threshold, as there exists "no better alternative source" for such evidence. *Id.*

**B.  Defendant Conflates the Standard for Removal with the Standard to Oppose Plaintiff's Remand Motion**

Defendant's Opposition blindly ignores its burden of proof in opposing Plaintiff's ***Motion for Remand***, which is heightened compared the showing required in a Notice of Removal. See *Ibarra*, *supra,* 775 F.3D at 1197-98.

|   |   |
|---|---|
| 1 | Here, Plaintiff challenged the NOR by filing his motion for remand, thereby |
| 2 | shifting the burden to Defendant and heightening the burden of proof. *Id.* Defendant, |
| 3 | however, has not overcome the "strong presumption" that the amount in controversy |
| 4 | is insufficient to confer federal jurisdiction. *Henson v. Billing Concepts, Inc.*, 2009 |
| 5 | U.S. Dist. LEXIS 133765 at (C.D. Cal. March 23, 2019). |
| 6 | Further, the authority cited by Defendant is unavailing. For example, in *Lewis* |
| 7 | *v. Verizon Communs., Inc.*, 627 F.3d 395 (9th Cir. 2010) – which Defendant relies |
| 8 | upon to argue it need only establish under the preponderance of the evidence standard |
| 9 | – the plaintiff sought to represent a class of customers that had been billed for |
| 10 | unauthorized services. In vacating the District Court's remand order, the Ninth |
| 11 | Circuit stated that "no evidence to support the premise that some portion of the |
| 12 | charges alleged in the complaint were 'authorized.' **Nor did any pleading suggest** |
| 13 | **the class recovery would be less than $5 million.**" *Id.* at 398. "[T]he Defendant has |
| 14 | put in evidence of the total billings and **the Plaintiff has not attempted to** |
| 15 | **demonstrate, or even argue, that the claimed damages are less than the total** |
| 16 | **billed**." *Id.* at 400. |
| 17 | Here, however, the opposite is true, as Plaintiff specifically pled that the |
| 18 | aggregate claim is **under $5 million.** Dkt. No. 1-3, <u>Exhibit A</u> [Complaint], ¶ 5. |
| 19 | Indeed, **Plaintiff's assertion that this case involves an amount in controversy of** |
| 20 | **less than $5 million is presumed to be correct**. *Dart Cherokee Basin Operating* |
| 21 | *Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *Lewis* was also distinguished by |
| 22 | *Amirian v. Umpqua Bank*, 2018 U.S. Dist. LEXIS 129228 (C.D. Cal. July 21, 2018), |
| 23 | where the Court stated, "[a]lthough defendant does not have the burden of proving its |
| 24 | ultimate liability, **it must provide evidence of the amount in controversy, which** |
| 25 | **defendant has not done here**. [Citation.]" *Id.* at *13-14. Just as in *Amirian*, |
| 26 | Defendant's unsupported assumptions here cannot be a basis for Defendant to |
| 27 | establish the amount in controversy. This Court has consistently rejected assumptions |
| 28 | like Defendant's as arbitrary, despite any objective reasonableness, where the |

defendant has not offered sufficient supporting evidence. See *Guiniling, supra,* U.S. Dist. LEXIS 24389 at *6. Just as in *Guiniling*, without evidence supporting Defendant's assumptions, Defendant has failed to meet its burden.

### C. Defendant's Attempt to Shift the Burden of Proof Must Fail

Contrary to Defendant's claim, the burden is not on Plaintiff to provide an alternative calculation as to the amount in controversy. See e.g., Dkt. 15 at 6:7-10. Defendant's attempt to switch the burden of proof contravenes strong California District Court precedent: "**Given that Defendant have not met their burden, it is not necessary for Plaintiff to come forward with evidence in support of his estimate of the amount in controversy. Where, as here, the evidence is in equipoise, i.e., no evidence on either side, "the scales tip against federal-court jurisdiction**." *Vilitchai, supra*, 2017 U.S.Dist. LEXIS 31623 at *10 (Citing *Ibarra*). This Southern District actually rejected Defendant's argument that Plaintiff should be penalized for not providing alternative calculations: "**This argument is akin to a suggestion that Plaintiff is obligated to prove that the amount in controversy is less than $5 million. For that reason, it must be rejected**." *Cummings*, *supra*, 2019 U.S. Dist. LEXIS 5671 at 11.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion and remand this matter to state court.

Dated: December 9, 2024

                                              BLUMENTHAL NORDREHAUG
                                              BHOWMIK DE BLOUW LLP

                                              By    */s/ Trevor G. Moran*    .
                                                       Trevor G. Moran
                                                       Sergio J. Puche
                                                       Jeffrey S. Herman
                                                       Attorneys for Plaintiff

# CERTIFICATE OF SERVICE [F.R.C.P. §5]

I am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037.

On December 9, 2024 I served the document(s) described as below in the manner set forth below:

**1. REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT.**

XX   (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

XX   (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2024, at San Diego, California.

*/s/ Trevor G. Moran*
Trevor G. Moran